IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>ASPEN VILLAGE AT LOST MOUNTAIN ASSISTED LIVING, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 19-40262-BEM |

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF REAL ESTATE BROKER**

COMES NOW Aspen Village at Lost Mountain Assisted Living, LLC (hereinafter "Applicant") and respectfully applies for approval to employ a real estate broker pursuant to 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002. The grounds for this Application are:

1.

On February 5, 2019, Applicant filed a petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code"). Applicant continues to operate its business and manage its affairs as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2.

Applicant wishes to employ MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES OF ATLANTA ("Broker") as real estate broker in this Chapter 11 case.

3.

Debtors own certain real property located at 135 Hillside Trace, Dallas, Paulding County, Georgia 30157 ("Real Property"). Aspen Village at Lost Mountain Memory Care, LLC ("Memory Care[1]") owns certain real property located next to the Real Property at 60 Hillside Trace, Dallas, GA 30135 (the "Memory Care Real Property").

---

[1] Memory Care is a debtor in a case pending before this court in case number 19-40263-BEM

4.

Applicants wish to employ Marcus & Millchap as Applicant's real estate broker. Applicants show that the firm of Marcus & Millchap is well qualified to perform the work required in this case and is experienced in the matters for which a real estate broker's services are required. Memory Care is also seeking to employ Broker regarding the Memory Care Real Property.

5.

The professional services which Broker is to render include:

    a)    To make an inspection of the Real Property:

    b)    To market the Real Property for sale; and

    c)    Such other work as may be indicated by the Applicant's analysis of the Real Property, the Debtor and the Estate.

6.

To the best of the Applicants' knowledge and belief Broker has no equity interest in and no connection with the Debtor, its creditors, or any other party in interest, or its attorneys and accountants provided that Broker has previously provided services to Debtor and Memory Care prior to the Petition Date. The Affidavit of Anthony Williams is attached hereto and made a part hereof by reference.

7.

Applicants show that Broker has agreed to perform the services set forth herein for a commission of 2.25%. All fees are subject to further application and order of the Court.

WHEREFORE, Applicant prays that it be authorized to employ MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES OF ATLANTA as real estate broker in this Chapter 11 case.

Respectfully submitted this 15th day of April, 2019.

**JONES & WALDEN, LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Debtor
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
lpineyro@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| IN RE:<br><br>ASPEN VILLAGE AT LOST MOUNTAIN ASSISTED LIVING, LLC,<br><br>    **Debtor.** | CHAPTER 11<br><br>CASE NO. 19-40262-BEM |

**DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION
FOR APPROVAL OF EMPLOYMENT OF REAL ESTATE BROKER**

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Anthony Williams, a licensed real estate agent, working as an agent for Marcus & Millichap Real Estate Investment Services of Atlanta ("Broker") who after being duly sworn, on oath deposes and says:

1)     I am a licensed real estate agent.

2)     To the best of my knowledge:

    (a)     I am and every person at Broker is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor:

    (b)     I do not:

        i.     Hold or represent an interest adverse to this Estate.

        ii.     Have had any business, professional or other connections up to the date of this Affidavit with the aforementioned Debtor, creditors, or any other party in interest of which I am aware, and their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, other than possible professional or social relationships and other than possible appraisal or

    auctioneering services for a) any creditor financial institution, b) a client of any of the respective counsel or accountants for the Debtor, creditors, or parties in interest, or c) any such counsel or accountant who may also have served as a bankruptcy trustee for a different bankruptcy estate, or respective counsel or accountant to such estate; provided that, prior to the Petition Date, I, through Broker, provided services to Debtor and to its affiliate Aspen Village at Lost Mountain Memory Care, LLC ("Memory Care) and Memory Care is additionally seeking permission to employ Broker regarding the sale of its property; or

 iii. Is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
Anthony Williams

Sworn to and Subscribed
Before me this 15 day of April, 2019.

_____
Notary Public
My Commission Expires: 6.2.2022

# Marcus & Millichap
## Real Estate Investment Services

### REPRESENTATION AGREEMENT

### (EXCLUSIVE AUTHORIZATION TO SELL OR EXCHANGE)

**THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT. READ IT CAREFULLY.**

The undersigned ("Seller") hereby employs Marcus & Millichap Real Estate Investment Services of Atlanta ("Agent") and grants to Agent, for a period of time (the "Term") commencing on **February 11**, 20**19**, and ending at midnight on **May 31, 2020**, and subject to extension as set forth in paragraph 16 below, the exclusive and irrevocable right and authority to sell that certain real property (the "Property") located in the City of **Dallas**, County of **Cobb**, State of **Georgia**, and more particularly described as follows:

> **Aspen Village**
> **135 Hillside Trace**
> **Dallas, GA 30135**
> **APN: 110.1.4.009.0000**
>
> **Memory Care Building**
> **APN: 110.1.4.003.0000**

If the Property described above consists of two or more separate legal parcels, Seller agrees to sell all or any combination of such parcels, and the term "Property" as used herein shall refer to any such combination.

1) **TERMS AND CONDITIONS OF SALE:** Seller agrees to accept an offer containing the following terms and conditions of sale:

    a. **PURCHASE PRICE:** $ _To Be Determined_

2) **TITLE:** Seller represents and warrants to Agent that fee title to the Property is now vested as follows **Aspen Village at Lost Mountain Assisted Living, LLC** that Seller and the individuals executing this Representation Agreement on behalf of Seller are duly authorized and empowered to execute this Representation Agreement and any subsequent purchase agreement; and that execution hereof shall not result in any breach of, or constitute a default under, any contract or other agreement to which Seller is a party.

3) **COMMISSION:** In consideration of the brokerage services to be rendered by Agent, Seller agrees to pay to Agent a commission equal to **Two and a Quarter** percent (**2.25%**) of the purchase price of the Property upon the occurrence of any of the following events:

    a. Agent procures a buyer during the Term, or any extension thereof, who is ready, willing and able to purchase the Property on the terms and conditions set forth herein or on any other terms and conditions acceptable to Seller; or

    b. The Property is sold, exchanged or otherwise conveyed during the Term, or any extension thereof, whether by Seller or by or through any other person or entity; or

    c. The Property is withdrawn from the market or made unmarketable by Seller during the Term, or any extension thereof, or this Representation Agreement is revoked by Seller, or Seller otherwise prevents or precludes Agent's performance hereunder; or

    d. A sale, exchange or other conveyance of the Property is made within nine (9) months after the expiration of the Term to a person or entity with whom Agent has negotiated, or to whose attention Agent has brought the Property, or who was introduced to Seller by Agent as a prospective purchaser (herein, "Prospective Purchaser"), provided that the name of any such person or entity has been submitted to Seller by delivery of a written offer to purchase the Property prior to expiration of the Term or by written notice within fifteen (15) calendar days of such expiration. With respect to a sale, exchange or other conveyance to any such person or entity, Agent shall conclusively be deemed to be the procuring cause. The term "Prospective Purchaser" shall include that person or entity to whose attention Agent has brought the Property, as well as any partnership, joint venture, corporation, trust or other similar entity which that person or entity represents or in which it holds an ownership or beneficial interest.

e. If Seller is a partnership, joint venture, corporation, trust or other similar entity (collectively "Business Entity"), Seller acknowledges and agrees that any transfer, sale, exchange, or conveyance of any interest in such Business Entity to any person or entity that is not a partner, member, manager, officer, director, or shareholder of the Business Entity shall constitute a transfer, sale, exchange, or conveyance of the Property, for which a commission shall become due and payable as set forth herein, based on the purchase price of the Property.

In the case of any sale accomplished through an escrow or closing attorney, this commission shall be paid at the closing, and Agent shall be entitled to make demand of any escrow holder or closing attorney for payment from the proceeds of sale. Seller and Agent agree that if completion of a sale of the Property pursuant to a duly executed purchase agreement is prevented by default of the Buyer, Seller shall be obligated to pay to Agent only an amount equal to one-half of any damages or other monetary compensation (including liquidated damages) collected from said Buyer by suit or otherwise as a consequence of Buyer's default, if and when such damages or other monetary compensation are collected; provided, however, that the amount due Agent shall not exceed the brokerage commission set forth above. The term "Property" shall include any interest therein or in its ownership.

4) **INSPECTION OF PROPERTY:** Seller agrees that Agent and its representatives shall have the right to enter upon and inspect the interior and exterior of the Property with prospective purchasers at all reasonable times.

5) **SELLER'S REPRESENTATIONS AND WARRANTIES:**

   a. **Material defects:** Seller represents and warrants that Seller knows of no material defects of the Property, including, but not limited to, energy conservation and/or safety retrofit(s) required by local ordinance as a condition of transfer.
   b. **Compliance with laws:** Seller represents and warrants that, to the best of Seller's knowledge, the Property and all improvements thereon are in compliance with all applicable laws, codes, regulations and other similar governmental standards and requirements and that no material structural modifications or alterations of the improvements on the Property have been made without appropriate permits.
   c. **Legal units:** N/A
   d. **Flood zone:** Seller represents and warrants that the Property is not in a flood zone as set forth on H.U.D. "Special Flood Zone Area Maps."
   e. **Hazardous materials:** Seller represents and warrants that, to the best of Seller's knowledge, the Property is not contaminated with any hazardous materials, including, but not limited to, asbestos, PCB transformers, other toxic, hazardous or contaminated substances, and underground storage tanks.
   f. **Lead-based paint hazards:** Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 must be notified that such property may present exposure to lead from lead-based paint that may place young children at risk of lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards. **(SELLER TO CHECK ONE OF THE FOLLOWING AND INITIAL):**

   SELLER'S DISCLOSURE:

   _____ Seller has provided the Agent with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below):

   _____ Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

   **SELLER'S INITIALS _____**

   g. **Records, financial data and marketing assistance:** Seller agrees to furnish, to certify as true and correct, and to make available to Agent and prospective buyers all financial data, rent statements, leases and other operating records of the Property, and to provide Agent with such assistance as Agent may reasonably request in marketing the Property. Seller agrees to refer promptly to Agent all inquiries of anyone interested in the Property.
   h. **Indemnification:** Seller agrees to indemnify and hold Agent harmless from any and all liability, damages, losses, causes of action, or other claims (including attorneys' fees and other defense costs) arising from or asserted in connection with any incomplete or inaccurate information provided by Seller, or any material information concerning the Property which Seller has failed to disclose.

6) **DISCLOSURE OF REAL ESTATE LICENSURE:** N/A

GA Rep    2 of 4    Seller's Initials _____  Agent's Initials _____
Copyright Marcus & Millichap 2015

7) **SCOPE OF AGENT'S AUTHORITY AND RESPONSIBILITY:** Agent shall assist Seller in marketing the Property and in negotiating the terms and conditions of sale with any prospective purchasers. Agent shall not, however, have authority to bind Seller to any contract or purchase agreement. Agent shall not be responsible for performing any due diligence or other investigation of the Property, or for providing professional advice with respect to any legal, tax, engineering, construction or hazardous materials issues. Except for confidential information regarding Seller's business or financial condition and the negotiation of the terms of a purchase agreement between Seller and a prospective purchaser, Seller and Agent agree that their relationship is at arm's length and is neither confidential nor fiduciary in nature.

8) **LIMITATION OF LIABILITY:** Except for Agent's gross negligence or willful misconduct, Agent's liability for any breach or negligence in its performance of this Agreement shall be limited to the greater of $50,000 or the amount of compensation actually received by Agent in any transaction hereunder.

9) **AFFILIATED BROKERS/DUAL AGENCY:** Agent is affiliated with other brokerage companies in other states. Agent shall disseminate information about the Property to such affiliated brokers, inviting the submission of offers on the Property. Seller authorizes Agent and any affiliated broker to represent any prospective buyer in the acquisition of the Property, and to submit offers on behalf of such buyers. Seller understands that this authorization may result in Agent's representing both Seller and a prospective buyer, and Seller hereby authorizes and consents to such dual representation. With regard to DUAL AGENCY Seller understands and agrees as follows:

That Agent may represent both Seller and Buyer in the sale of the subject Property, and acknowledges that he/she/it does not legally have to consent to such representation but has authorized and consented to such dual representation.

That "Dual Agency" means that the Agent represents both parties and that the interests of these parties may be different or adverse.

That as a Dual Agent, Agent must disclose all material facts relevant to the transaction and actually known to the Agent except for information made confidential by law, or, at the request of a party but which is otherwise not required to be disclosed by law.

That Agent will timely disclose if any licensee affiliated with Agent has a material relationship with one of the parties to the transaction and that the relationship shall be disclosed to all parties.

That Seller consents to Dual Agency if applicable and has voluntarily given consent and that this provision regarding Dual Agency has been read and understood in its entirety.

10) **ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL: All disputes arising between the Parties with respect to the subject matter of this Representation Agreement (including but not limited to the payment of commissions as provided herein) shall be settled exclusively by final, binding arbitration. The judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction.**

The arbitration will proceed in the county where Agent's office is located and be conducted by the American Arbitration Association ("AAA"), or such other administrator as the parties shall mutually agree upon, in accordance with the AAA's then-applicable Commercial Arbitration Rules (the "Rules"). Any party who fails or refuses to submit to arbitration following a demand by the other party shall bear all costs and expenses, including attorneys' fees, incurred by such other party in compelling arbitration.

The arbitration will be decided by a single arbitrator selected according to the Rules. The arbitrator will decide any pre-hearing motions which are similar to motions to dismiss for failure to state a claim or motions for summary adjudication and may grant any remedy or relief that a court could order or grant on similar motions. The arbitrator shall apply the provisions of this Representation Agreement without varying therefrom, and shall not have the power to add to, modify, or change any of the provisions hereof.

In any arbitration proceeding discovery will be permitted only in accordance with the terms of this paragraph. Discovery by each party shall be limited to: (i) a maximum number of five (5) depositions limited to four hours each; (ii) requests for production of documents; (iii) two interrogatories: one inquiring into the amount of damages sought by the other party and another into the calculation of those damages; and (iv) subpoenas upon third parties for production of documents, depositions, and to appear at a hearing. The scope of discovery may be expanded only upon the mutual consent of the parties. Discovery not set forth in this paragraph shall not be permitted.

**The Parties understand and agree that they are entering into this arbitration agreement voluntarily, and that by doing so they are waiving their rights to a jury trial or to have their claims otherwise litigated in court.**

11) **ATTORNEYS' FEES:** In any litigation, arbitration or other legal proceeding which may arise between any of the parties hereto, including Agent, the prevailing party shall be entitled to recover its costs, including costs of arbitration, and reasonable attorneys' fees in addition to any other relief to which such party may be entitled.

GA Rep                                        3 of 4                Seller's Initials_____   Agent's Initials_____
Copyright Marcus & Millichap 2015

12) **EXCHANGE:** As used in this Agreement, the terms "sale, "sell" or "purchase" shall be understood to include an exchange of the Property. In the event of an exchange, if no purchase price is identified, the commission described in Paragraph 3 above shall be calculated as a percentage of the exchange value of the Property. Agent is hereby authorized to represent all parties to any such exchange transaction and to collect compensation or commission from them, provided there is full disclosure to all principals of such agency.

13) **TAX WITHHOLDING:** Seller agrees to execute and deliver any instrument, affidavit or statement, or to perform any act reasonably necessary to carry out the provisions of the Foreign Investment in Real Property Tax Act and regulations promulgated thereunder, as well as any similar requirements of state law.

14) **ADDENDA:** Any addendum attached hereto, and either signed or initialed by the parties shall be deemed a part hereof. This Agreement, including addenda, if any, expresses the entire agreement of the parties and supersedes any and all previous agreements between the parties with regard to the Property. There are no other understandings, oral or written, which in any way alter or enlarge its terms, and there are no warranties or representations of any nature whatsoever, either express or implied, except as set forth herein. Any future modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

15) **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

16) **EXTENSION OF TERM:** If an agreement or letter of intent for the sale of the Property is executed by all necessary parties, and if said agreement or letter of intent is revoked, rescinded or otherwise terminated, and/or the transaction is subsequently canceled, the Term shall be extended by the number of calendar days during which the sale agreement or letter of intent was in effect. The maximum extension permitted hereunder shall be the number of days remaining on the Term from the date the sale agreement or letter of intent was executed, or an escrow opened, whichever event occurred earlier. Notwithstanding the foregoing, this Representation Agreement shall expire in all cases no later than nine (9) months after the original termination date stated above. The purpose of this extension provision is to allow agent the opportunity to expose the Property to the marketplace for the full period of time contemplated by this Agreement.

17) **OTHER TERMS AND CONDITIONS:** Any sale is subject to bankruptcy court approval.

The undersigned Seller and Agent agree to the terms and conditions set forth in this Representation Agreement, and Seller acknowledges receipt of an executed copy hereof.

SELLER: _____     ADDRESS: _____
             Anderson Glover, Managing Member

DATE: _____     TELEPHONE: _____


AGENT: **MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES OF ATLANTA**

BY: _____/s/ Anthony Williams_____     ADDRESS: 1100 Abernathy Road, NE Ste 600
             Anthony Williams                        Atlanta, GA 30328

DATE: *** 4-15-19                          TELEPHONE: 678.808.2700

SELLER UNDERSTANDS AND ACKNOWLEDGES THAT BROKER IS NOT QUALIFIED TO PROVIDE, AND HAS NOT BEEN CONTRACTED TO PROVIDE, LEGAL, FINANCIAL OR TAX ADVICE, AND THAT ANY SUCH ADVICE MUST BE OBTAINED FROM SELLER'S ATTORNEY, ACCOUNTANT OR TAX PROFESSIONAL

Copyright Marcus & Millichap 2015

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:

ASPEN VILLAGE AT LOST
MOUNTAIN ASSISTED LIVING, LLC,

Debtor.

CHAPTER 11

CASE NO. 19-40262-BEM

CERTIFICATE OF SERVICE

I hereby certify that the *Application for Approval of Employment of Real Estate Broker* was served via the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and accompanying link to the document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

**Francesca Macchiaverna** fmacchiaverna@huntermaclean.com; btees@huntermaclean.com

**Martin P. Ochs**    martin.p.ochs@usdoj.gov

I further certify that on this day I have served a copy of the Application via U.S. Mail upon the parties referenced below:

United States Trustee's Office
    362 Richard B. Russell Federal Bldg.
    75 Ted Turner Drive SW
    Atlanta, Georgia 30303

This 15th day of April, 2019.

JONES & WALDEN, LLC

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Debtor
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
lpineyro@joneswalden.com