UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| ASPEN VILLAGE AT LOST MOUNTAIN ASSISTED LIVING LLC | : | CASE NO. 19-40262-BEM |
| Debtor | : | |

| | | |
|---|---|---|
| ROBERT FOUSE | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | CONTESTED MATTER |
| ASPEN VILLAGE AT LOST MOUNTAIN ASSISTED LIVING LLC | : | |
| | : | |
| Respondent, | : | |

**OBJECTION TO CONFIRMATION AND TO DEBTOR'S SECOND MODIFICATION TO PLAN OF REORGANIZATION**

COMES NOW, Robert Fouse, ("Fouse") who holds a Forty Five Percent (45%) Membership Interest in Debtor, by and through counsel and makes this his objection to confirmation and his objection to the Debtor's Second Modification to Plan of Reorganization as follows:

1.

The above captioned case was filed on February 5th, 2019, where Fouse was never consulted before the decision was made to put Debtor into Chapter 11.

2.

Debtor filed its first Disclosure Statement on April 15th, 2019, without input from Fouse **[Doc No., 75].**

3.

Debtor filed its Plan of Reorganization on April 15th, 2019 without input from Fouse **[Doc No., 76].**

4.

Debtor filed a supplement to its Disclosure Statement on July 2nd, 2019, without input from Fouse **[Doc No., 108].**

5.

Debtor filed its Second Modification to the Plan of Reorganization on **August 30th, 2019,** without input from Fouse **[Doc No., 132]**

6.

Fouse is Member of Debtor with a 45 percent Membership interest and at one time took an active role in managing Debtor. Fouse put up much in the way of monies and sweat equity into Debtor over an extended period of time.

7.

The only other principal of Debtor, Anderson Glover, ("Glover") has a 55 percent

Membership interest in Debtor and is the present and sole Manager of Debtor.

8.

While it is recognized that Glover has certain decision-making privileges as Manager of Debtor, there are still fiduciary duties owed to the minority Member, Fouse.

9.

Throughout the Chapter 11 process, Fouse has neither been consulted with nor informed ahead of time of the decisions made with respect to Debtor.

10.

Debtor, upon information and belief, at the direction of Glover, filed the above referenced Second Modification to Plan of Reorganization on August 30th, 2019 ('Second Modification") at a time after the deadline to vote on the Plan of Reorganization had passed.

11.

Debtor classified the modification made in the Second Modification as "non-material" allegedly not adversely affecting the rights of any parties, *whereby Fouse's equity interest in Debtor was eliminated and Glover was allowed to provide new value to hold on to an equity position in Debtor once it was to emerge from Chapter 11*. This change delineated in the Second Modification was clearly material and clearly adverse to the interests of Fouse claimant under the Plan of Reorganization.

12.

Up until August 30th, 2019 with the filing of the Second Modification, both Glover and Fouse had been listed as **Class "8" equity claimants in both the Disclosure Statement and**

**Plan of Reorganization in the 55/45 ratio as stated above**.

13.

That all changed on August 30th, when conveniently after the deadline for the filing of all ballots with the Clerk's office had passed, the Second Modification was filed all but eliminating Fouse's equity interest in Debtor.

14.

Fouse objects to the Second Modification and Confirmation of the Chapter 11 Plan, in that he was never given the same opportunity by Debtor, as Glover was given, to provide new value, nor was Fouse ever given the opportunity to find funding that would be necessary to effectively carry out the terms of the Chapter 11 Plan.

15.

Although the terms of the funding which Glover anticipates receiving from a third party source has yet to be finalized, there is no way to know if the equity in Debtor being provided to the third party source in exchange for the provision of funding and paying all creditors in full within three years, as stated in the Plan of Reorganization is fair and in the best interests of the Debtor and/or the creditors.

16.

Fouse, along with Glover have personal guaranty obligations on Debtor's debt so in essence under the Second Modification, Fouse would lose his equity but would still be on the hook for Debtor's debt, where Glover would have the chance as a continued equity holder of Debtor, once it emerges from Chapter 11, to satisfy his personal obligations to the creditors of

Debtor by receiving distributions from the emerged Debtor that could be used to pay down Glover's debt. This is patently unfair.

17.

Fouse urges that he should be given the same opportunity as Glover to provide "new value" and to find third party sources that could carry out the terms of the Plan of Reorganization with perhaps even better terms for the Debtor and creditors than what Glover has been able to find.

18.

The only way Fouse would know if he can provide a source of funding and/or investment with better terms for the Debtor is to be given the terms of the deal that is being negotiated and brought by Glover that would otherwise eliminate Fouse's Class 8 claim.

19.

Fouse urges at the very least, that he be given the opportunity to provide new value so that he can to some extent preserve his remaining equity position in Debtor once it emerges from Chapter 11

WHEREFORE, Robert Fouse moves the Court to:

a) Inquire into the above objection;

b) Deny Confirmation of Debtor's Plan of Reorganization in its present form;

c) In the alternative to provide Fouse the opportunity to invest "new value" into the Debtor to protect Fouse's equity interests in Debtor

  d) Allow Fouse the opportunity to find alternate sources of third-party funding or investment that may have better terms than that found by Glover.

  d) For such other relief that is equitable just and proper.

Respectfully submitted this 9th day of September, 2019.

                _____
                Evan M. Altman
                Attorney for Creditor
                Robert Fouse
                Georgia Bar No. 014066

8325 Dunwoody Place
Building Two
Atlanta, GA 30350
(404) 394-6466
Evan.altman@laslawgroup.com

CERTIFICATE OF SERVICE

      This is to certify that I have this day served a copy of the within and foregoing Objection to Confirmation, and Objection to the Second Modification of the Chapter 11 Plan of Reorganization by email addressed as follows:

Leslie Pineyro, Esq.., Jones and Walden
lpineyro@joneswalden.com

Lindsay P. S. Kolba: lindsay.p.kolba@usdoj.gov;
 lisa.maness@usdoj.gov;

Francesca Macchiaverna: fmacchiaverna@huntermaclean.com;
btees@huntermaclean.com

Martin P. Ochs: martin.p.ochs@usdoj.gov.

H. Brian Sams: brian.sams@samscole.com.

Robert Fouse;  rlf@fousearchitecture.com

Anderson Glover; andersonglover@rocketmail.com


This 9th day of September, 2019

              _____
                                          Evan M. Altman
                                          Attorney for Creditor
                                          Robert Fouse
                                          Georgia Bar No. 014066

8325 Dunwoody Place
Building Two
Atlanta, GA 30350
(404) 394-6466
Evan.altman@laslawgroup.com