IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>ASPEN VILLAGE AT LOST MOUNTAIN ASSISTED LIVING, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 19-40262-BEM |

**APPLICATION FOR FINAL DECREE**

COMES NOW, Aspen Village at Lost Mountain Assisted Living, LLC ("Debtor"), debtor and debtor-in-possession, by and through the undersigned counsel, and hereby files this "Application for Final Decree" ("Application").

Debtor filed its "Disclosure Statement" (Doc. No. 75) on April 15, 2019, and its "Supplement to Disclosure Statement" (Doc. No. 108) on July 2, 2019, referring to a "Plan of Reorganization" (Doc. No. 76), which was modified on: (i) August 28, 2019, pursuant to the "Modification to Plan of Reorganization" (Doc. No. 126); (ii) August 30, 2019, pursuant to the "Second Modification to Plan of Reorganization" (Doc. No. 132); (iii) September 13, 2019, pursuant to the "Third Modification to Plan of Reorganization" (Doc. No. 146); and (iv) December 2, 2019, pursuant to the "Fourth Modification to Plan of Reorganization" (Doc. No. 160). The Plan of Reorganization as amended and modified is referred to herein as the "Plan."

On January 24, 2020, the Court entered a Confirmation Order (Doc. No. 178) confirming the Plan. Debtor has assumed the management of all property dealt with by the Plan; Debtor has commenced Plan payments to Creditors.

**Report of Substantial Consummation**

"Substantial consummation" is defined by 11 U.S.C. §1101(2), which provides as follows:

(2) "substantial consummation" means –

    (A)    transfer of all or substantially all of the property proposed by the plan to be transferred;

    (B)    assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    (C)    commencement of distributions under the plan.

The requirements under 11 U.S.C. §1101(2) have been met and are summarized in the Final Report filed contemporaneously herewith.

### Retention of Jurisdiction Over Adversary Proceeding

An adversary proceeding related to this case, identified as A.P. number 20-04013-BEM, *Aspen Village at Lost Mountain Assisted Living, LLC and Aspen Village at Lost Mountain Memory Care, LLC v. Joyce G. Chapman* (the "Chapman Adversary Proceeding"), remains pending. Additionally, Debtor may bring additional claim disputes pursuant to subsequently filed claim objections or adversary proceedings (collectively, the "Claim Disputes").

Debtor requests that any order granting this Application reserve the jurisdiction of the Bankruptcy Court with respect to the Chapman Adversary Proceeding and any other Claim Disputes initiated before or after the entry of the Final Decree. Specifically, Article 12.1 of the Plan (entitled Retention of Jurisdiction) provides as follows:

> Subsequent to the Effective Date, the Bankruptcy Court shall have or retain jurisdiction for the following purposes…
>
> 12.1.8  To adjudicate controversies arising out of the administration of the Estate or the implementation of this Plan;
>
> 12.1.9  To make such determinations and enter such orders as may be necessary to effectuate all the terms and conditions of this Plan, including the Distribution of funds from the Estate and the payment of claims;
>
> …
>
> 12.1.13 To determine any controversies, actions or disputes that may arise under the provisions of this Plan, or the rights, duties or obligations of any Person under the provisions of this Plan;

Moreover, retention of jurisdiction after entry of a final decree is appropriate when necessary to adjudicate matters related to administration of the estate and implementation of the Plan. *See, e.g., In re Morris,* 950 F.2d 1531 (11th Cir. 1992); *Whitaker v. EMC Mortgage Corp (In re Whitaker)*, 2009 Bankr. LEXIS 3270 (Bankr. N.D. Ga. Sept. 18, 2009) (Murphy, J.); *JMP-Newcor International, Inc.,* 225 B.R. 462 (Bankr. N.D. Ill. 1998). The Chapman Adversary Proceeding concerns a dispute regarding Chapman Proof of Claim No. 14 and therefore concerns the administration of the Bankruptcy Estate and implementation of the Plan. Any other Claim Dispute, whether filed before or after entry of the Final Decree, will likewise concern administration of the Bankruptcy Estate and implementation of the Plan.

**Application for Final Decree**

As shown above, there has been "substantial consummation" of the Plan as that term is defined by 11 U.S.C. §1101(2). All property revested to Debtor on the date that was 60 days after the entry of the Confirmation Order, March 24, 2020 (the "Effective Date"). Debtor has assumed control over the property, and payments have commenced under the Plan. Specifically, Debtor has commenced distributions to MidCap Funding Investment IV, LLC.

3

WHEREFORE, Debtor respectfully requests that the Court grant the Application by entering a final decree in this case and grant all relief requested in the Proposed Final Decree attached hereto as Exhibit "1."

Respectfully submitted this 27th day of April, 2020.

    **JONES & WALDEN, LLC**
    */s/ Leslie M. Pineyro*
    Leslie M. Pineyro
    Georgia Bar No. 969800
    Attorney for Debtor
    699 Piedmont Avenue, NE
    Atlanta, Georgia 30308
    (404) 564-9300
    lpineyro@joneswalden.com

**Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>ASPEN VILLAGE AT LOST MOUNTAIN ASSISTED LIVING, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 19-40262-BEM |

**FINAL DECREE**

Debtor filed its *Application for Final Decree*[1] (the "Application") and *Final Report* on April 27, 2020. Based upon a review of the record in this case and the representations in the Application, it appears that the estate has been fully administered. Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 3022, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Application.

5

ORDERED that:

1. The provisions of the Plan bind Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan, and all creditors of Debtor, whether or not the claim or interest of such creditor is impaired under the Plan, and whether or not such creditor has accepted the Plan;

2. Unless otherwise provided in the Plan or the Confirmation Order, all property of the estate is vested in Debtor;

3. Except as provided in the Plan or Confirmation Order, the property dealt with by the Plan is free and clear of all claims and interests of creditors, equity holders of Debtor and other parties in interest;

4. Except as otherwise specifically provided in the Plan or Confirmation Order, Debtor is discharged from any debt that arose before the date of the Confirmation Order and any debt of a kind specified in 11 U.S.C. § 502 (g), (h) or (i), whether or not: (a) a proof of claim based on such debt was filed or deemed filed; (b) such claim was allowed under 11 U.S.C. § 502; or (c) the holder of such claim accepted the Plan;

5. All creditors of, claimants against, and all persons having or claiming interest of any nature in Debtor's property and assets are enjoined and stayed from pursuing or attempting to pursue any action, commencing or continuing any action, employing any process or any act against Debtor or its property, on account of or based upon any right, claim, or interest which any such creditor, claimant, or other person may have had at the date of the filing of Debtor's Chapter 11 petition, except with respect to claims, rights, or interests arising out of the Plan or orders of this Court; and

6. The Court shall retain jurisdiction to reopen this Bankruptcy Case, without limitation, (a) to adjudicate any Adversary Proceeding or Claim Dispute filed, (b) to resolve any disputes regarding the sale or refinancing procedures of Debtor's assets in the Plan or (c) otherwise determine any dispute regarding the treatment of a claim, including objections to any claim or interest under the Plan. The Court shall specifically retain jurisdiction over the Chapman Adversary Proceeding and any Claim Dispute filed before or after entry of this Final Decree.

7. The Final Report is approved, and the Application is *granted.*

The Clerk, U.S. Bankruptcy Court, is DIRECTED to close this case. The Clerk, U.S. Bankruptcy Court, is DIRECTED to serve a copy of this order upon Debtor, Debtor's attorney and the U.S. Trustee and all parties reflected on Debtor's mailing matrix.

**[End of Order]**

Prepared and Presented By:
JONES & WALDEN, LLC

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
Counsel for Debtor
(404) 564-9300
*lpineyro@joneswalden.com*

**<u>Distribution List</u>**

Leslie M. Pineyro
Jones & Walden, LLC
699 Piedmont Avenue, NE
Atlanta, Georgia 30308

Office of the U.S. Trustee
Vanessa Leo, Esq.
362 Richard B. Russell Bldg.
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| IN RE:<br><br>ASPEN VILLAGE AT LOST MOUNTAIN ASSISTED LIVING, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 19-40262-BEM |

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing "Application for Final Decree" was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and accompanying link to the Application to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Evan M. Altman**    evan.altman@laslawgroup.com, johanna@laslawgroup.com
- **Taylor L. Dove**    tdove@huntermaclean.com, gfischer@huntermaclean.com
- **Frank G. Goldman**    fgoldman@fggpc.com
- **Lindsay P. S. Kolba**    lindsay.p.kolba@usdoj.gov
- **Vanessa A. Leo**    ustpregion21.at.ecf@usdoj.gov, Vanessa.A.Leo@usdoj.gov
- **Francesca Macchiaverna**    fmacchiaverna@huntermaclean.com, aharris@huntermaclean.com
- **Martin P. Ochs**    martin.p.ochs@usdoj.gov
- **Howard D. Rothbloom**    howard@rothbloom.com, silvia@rothbloom.com;5487@notices.nextchapterbk.com
- **H. Brian Sams**    brian.sams@samscole.com
- **Fred B. Wachter**    fbwachter@wachterlaw.com
- **Terriea Williams**    twilliams1@law.ga.gov

This 27th day of April, 2020.

**JONES & WALDEN, LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Debtor
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
(404) 564-9301 Facsimile
lpineyro@joneswalden.com

9